W. A. WORK & SON *v.* SAMUEL M. HAUGHTON, ET AL.

1. In an action for non-performance of contract, brought by A against B, wherein a discovery is asked against C and D, and that a judgment, for the damages sustained, may be rendered against them, in case it appears that they were parties to the contract, a general demurrer to the petition will be sustained on behalf of C and D.

2. A discovery can not be claimed in a petition to enable the plaintiff to find out the character and extent of his actual cause of action. The petition must contain a concise statement of facts, showing, of itself, a cause of recovery against the defendants named.

SPECIAL TERM.—On demurrer to the petition.

The allegations of the petition are sufficiently stated in the decision.

*Woodruff & Hopkins,* for plaintiffs.

*Tilden, Rairden & Curwen,* for defendants Mitchell & Wanzer.

*James & Jackson,* for defendant Haughton.

SPENCER, J. The petition sets forth that the defendant, Haughton, being a broker engaged in the purchase and sale of provisions, in Cincinnati, the plaintiffs gave him instructions to procure for them five hundred tierces of canvased smoked beef, at a price stipulated, to be delivered in lots of one hundred tierces, in the months of May, June, and July, and two hundred in August, 1855; that Haughton, by way of reply, wrote plaintiffs that he could procure four hundred tierces of the meat required, deliverable in lots of one hundred tierces in the months named; that plaintiffs accepted the proposition, and ordered them to be forwarded; that Haughton, shortly after, wrote plaintiffs that he had closed a purchase for them, as desired; by which it is averred that Haughton became bound to furnish the plaintiffs with meat in all respects merchantable, and of good quality. Petition further avers that Haughton did not inform plaintiffs, at the time of making the contract, who the parties were from whom he purchased. That in pursuance thereof, Haughton shipped and plaintiffs received, two hundred and one tierces of meat, of an unmerchantable quality, and defective in weight and in other particulars, and so did not comply with his contract in that respect. That as soon as plaintiffs ascertained these defects, they wrote to Haughton, notifying him that they should look to him to make good the damages, and should retain what meat had been received, under protest; that the damage should be made good, which Haughton promised and undertook to do, but neglected; and on the contrary, sent forward other meat, so defective in quality that plaintiffs absolutely refused to receive the same. Petition further avers that the difference in value between good meat of the

quality contracted for, and that received, was some five cents per pound, and the whole damage sustained by them some $2,970.

Petition then avers, that Haughton, when called upon to make good the contract, asserts, in defense, that he was merely acting as plaintiffs' agent, and that if there was any liability to plaintiffs, it rests upon the other defendants, Mitchell & Wanzer, with whom he claims he made the contract, on plaintiffs' behalf. But plaintiffs deny that Haughton ever gave, or offered to give, them any evidence of the claim against Mitchell & Wanzer. The plaintiffs, therefore, ask, that if there be any contract existing between Mitchell & Wanzer and Haughton as plaintiffs' agent, that the same may be disclosed by the defendants; and if it shall have been so executed as to bind Mitchell & Wanzer to the plaintiffs, that they may have the benefit of it; and if it should appear upon the trial, that they are liable to the plaintiffs for a breach of the contract, that judgment may be rendered against them accordingly.

Whereupon the plaintiffs ask judgment against the said Haughton, and against the said Mitchell & Wanzer, for said sum of $2,970, etc.

To this petition Mitchell & Wanzer have demurred generally.

It is perfectly apparent that no cause of action whatever is stated in the petition against Mitchell & Wanzer. It is not averred that the plaintiffs made any contract with them which has not been fulfilled, nor that they have committed any breach, etc.; but that Haughton told the plaintiffs that such a contract had been made; wherefore a discovery is asked for, etc.; and if it should turn out that a contract was made, and has been broken, that a judgment may be rendered against said Mitchell & Wanzer. Whereupon a joint judgment is asked against all three of the parties. It has been so often decided, since the adoption of the code, that a discovery can not now be asked for in a petition, that it is only necessary to refer to it for the purpose of settling this

case as to these defendants. There is no propriety in any aspect of the case, in joining these defendants with Haughton, in the same action. There can not be a joint recovery against them, for it is not pretended there is a joint liability. The plaintiffs, if they have any claim, must hold either against Haughton, or against the other parties, severally, not against both. They have made but one contract, and are at liberty, perhaps, to select which of the parties they will proceed against. They aver, however, that their contract was made with Haughton, individually, and that they told him they should look to him to make it good, and that he promised to do so. If now, after having been informed who the contracting parties were, they choose to proceed against Haughton, they can not go against the other parties at the same time.

The demurrer will therefore be sustained.